UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | ) |
| | ) |
| ADAM OLSEN, | ) Case No. 07-00400-SMT |
| | ) Chapter 7 |
| Debtor. | ) |
| _____ | ) |

## MOTION TO ENFORCE DISCHARGE INJUNCTION
## AND SEEK ORDER OF CONTEMPT

Adam S. Olsen (the "Debtor"), Debtor, in the above-captioned case, by and through counsel, Cohen Baldinger & Greenfeld, LLC, files this motion (the "Motion") seeking an Order enforce the discharge injunction holding Samuel Davis, a creditor, and his counsel, Christopher Karounos, in contempt in support hereof shows this Honorable Court as follows:

## INTRODUCTION

In the present Motion, the Debtor seeks to enforce his discharge order against a creditor in the case, Samuel Davis and his counsel, Christopher Karounos (hereinafter collectively referred to as "Davis"). At the time the Debtor filed this case, he scheduled a debt of $27,500 owed to Samuel Davis in the schedules attached to his bankruptcy petition. The Debtor obtained a discharge of indebtedness, but eight years after the conclusion of the bankruptcy case, Davis, an attorney in New Jersey, induced the Debtor to execute a promissory note concerning the discharged debt, then filed suit against the Debtor in a New Jersey Superior Court in an effort to collect the debt. The Debtor appeared *pro se* in that litigation and raised the discharge as an affirmative defense to the obligation. However, the Superior Court entered judgment against the Debtor on July 26, 2018 in the amount of $50,000, and Davis later commenced collection efforts concerning the judgment. The Debtor demanded that Davis cease efforts to collect the judgment,

but Davis is continuing to attempt to collect the judgment, by, among other things, scheduling a creditors' examination in the case, threatening further collection actions against the Debtor, contacting other creditors whose claims have been discharged in an effort to recruit them into joint action against the Debtor, contacting client's of the Debtor, and generally harassing the Debtor's family and business partners.

**FACTS**

1. On July 31, 2007, the Debtor commenced the present case by filing a petition seeking protection under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §101 *et seq*.

2. In his schedules of liabilities filed with the petition, the Debtor scheduled a debt due to Davis in the amount of $27,500. (*See*, Schedule F to Debtor's Voluntary Petition, attached as Exhibit "A" hereto).

3. Davis was served with notice of the case filing and was aware of the Debtor's bankruptcy petition.

4. On November 6, 2007, the Court entered an Order Discharging Debtor (the "Discharge Order") in the case.

5. At no time prior to entry of the Discharge Order did the Debtor execute a reaffirmation agreement concerning the debt to Davis, and no reaffirmation agreement was approved by the Court.

6. On November 20, 2007, the Court entered an Order Discharging Trustee and Closing Fully-Administered, No Asset Case, closing the Debtor's case.

7. In or about August, 2015, Davis contacted the Debtor concerning the debt, stating that the Debtor should repay him with interest and should execute a promissory note concerning the obligation.

8. On September 27, 2015, the Debtor executed a promissory note calling for payment of $28,000 to Davis, together with $7,000 in "fixed interest," accrued prior to the date of the note, bringing the total amount of the promissory note to $35,000. (*See*, Promissory Note, attached hereto as Exhibit "B").

9. The promissory note stated that the Debtor's agreement to pay Davis was "in return for a loan that I have received…". The Debtor, however, received no new funds or other consideration of any kind from Davis in connection with the 2015 promissory note.

10. The note provided a schedule for repayments to be made by Olsen, and further provided that the balance due Davis would accrue interest at "the fixed rate of 22% per year" if the Debtor failed to make payments.

11. The Debtor did not pay the amounts Davis claimed due, and on November 4, 2015, Davis filed suit against the Debtor in the Superior Court for Bergen County, New Jersey, initiating the case entitled <u>Davis v. Olsen</u>, Case No. BER-L-9588-15, to collect the purported obligations due under the note. (*See*, Complaint filed in Superior Court for Bergen County, New Jersey, attached hereto as Exhibit "C").

12. Appearing *pro se* in the case, the Debtor filed an Answer to Davis' complaint on June 15, 2016, asserting, among other defenses, that the debt due to Davis was discharged in the present bankruptcy case. The Debtor indicated in his Answer that he had made payments to Davis because he "wished do right by plaintiff" and had signed the promissory note under pressure from Davis in 2015. (*See*, Answer to Complaint attached hereto as Exhibit "D").

13. In the litigation, a trial date was ultimately scheduled on June 13, 2018. On the day prior to the trial date, the Debtor forwarded a *pro se* letter to the Court, indicating that he had believed the case continued at the request of Davis' counsel and was not available for the trial on the 13th. The Debtor also stated again that the debt was discharged in his 2007 bankruptcy case, but stated he was "agreeing to honor the obligation" pending an agreement with Davis. (*See*, Letter of Adam Olsen, dated June 13, 2018, attached hereto as Exhibit "E").

14. The Court entered a judgment for $50,000 on July 26, 2018, indicating it was a "consent judgment" between the parties.

15. In or about April, 2019, Davis began efforts to attempt to collect the judgment. The Debtor indicated again that the debt had been discharged, but despite this, Davis compelled the Debtor to attend a creditor's examination and indicated an intention to attempt to seize assets of the Debtor to satisfy the judgment. A copy of that judgement is attached hereto and made a part hereof as Exhibit "F").

## ARGUMENT AND CITATION TO AUTHORITY

16. Pursuant to Section 727 of the Bankruptcy Code, the entry of a discharge "discharges the debtor from all debts that arose before the date of the order for relief under this chapter…" 11 U.S.C.S. §727. The effect of a discharge is governed by Section 524 of the Bankruptcy Code, which provides in relevant part that a discharge of indebtedness –

> voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 . . . . of this title, whether or not discharge of such debt is waived.

*See* 11 U.S.C.S. § 524(a); *See e.g.,* In re Fernandez-Lopez, 37 B.R. 664, 668-69 (B.A.P. 9th Cir. 1984). In addition, Section 524(a) providing that the discharge –

-4-

> operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived…

11 U.S.C.S. § 524(a).

17. Section 524(d) provides a mechanism for parties to agree to except a debt from the discharge through a reaffirmation agreement. Such an agreement is enforceable only if -

> (1) such agreement was made before the granting of the discharge under section 727, 1141, 1228, or 1328 of this title…;
>
> (2) the debtor received the disclosures described in subsection (k) at or before the time at which the debtor signed the agreement; [and]
>
> (3) such agreement has been filed with the court and, if applicable, accompanied by a declaration or an affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection…

*See* 11 U.S.C. §524(d). In the absence of such an approved reaffirmation agreement, an agreement concerning a discharged debt is not legally enforceable. *See e.g.,* Airlines Reporting Corp. v. Mascoll (In re Mascoll), 246 B.R. 697, 701 (Bankr. D.D.C. 2000) (creditor had only two methods to ensure that its debt would not be discharged, executing a valid reaffirmation agreement or filing a timely dischargeability complaint); Lewis v. Long (In re Long), 504 B.R. 424, 438 (Bankr. W.D. Va. 2014) (to waive discharge of a particular debt, a debtor must reaffirm the debt pursuant to section 524©); Chilcoat v. Minor (In re Minor), 115 B.R. 690, 693 (D.Co. 1990). (requirements of section 524© must be met for the waiver of debt to be effective).

18. The judgment entered by the New Jersey Superior Court in the litigation by Davis is void. Congress crafted Section 524 as a permanent injunction prohibiting collection of a discharged debt post-bankruptcy. *See e.g.,* In re Fernandez-Lopez, *supra.* 37 B.R. at 669. Accordingly, where a creditor obtains a judgment in a non-bankruptcy court based on a discharged debt, such judgment is void and may be collaterally attacked in the bankruptcy court. *See e.g.,* In re Lanford, 2004 Bankr. LEXIS 2247, at *3-4 (Bankr. D.D.C. Sep. 1, 2004). As the

Court found in Lanford, Congress specifically intended Section 524 to permit the avoidance of a state court judgment, based on its plenary power over bankruptcy proceedings:

> …Congress, because its power over the subject of bankruptcy is plenary, may by specific bankruptcy legislation create an exception to that principle and render judicial acts taken with respect to the person or property of a debtor whom the bankruptcy law protects nullities and vulnerable collaterally.

Lanford, *supra.* 2004 Bankr. LEXIS 2247, at *7 (citing Kalb v. Feuerstein, 308 U.S. 433, 60 S. Ct. 343, 84 L. Ed. 370 (1940)). Accordingly, a judgment in a collection suit brought after discharge is rendered null and void by section 524(a). In re Cruz, 254 B.R. 801, 812 (Bankr. S.D.N.Y. 2000) (Section 524 (a) (1) voids state court default judgment regardless of general preclusionary effect.). This is true regardless whether the debtor has taken any action to assert the discharge as a bar to the suit in the collection action. *Id., see also Lanford, supra. (citing* 4 Collier on Bankruptcy P 524.LH[1] at p. 524-54 (15th ed. as revised March 2003)*.*

19.     In addition to prohibiting action to collect a discharged debt, and voiding a judgment obtained in such an action, Section 524 makes unenforceable any agreement waiving the discharge or excepting the debt from the discharge, other than through the reaffirmation mechanism contained in the section. Thus, even in the context of a consent order in the state court, bankruptcy courts have found such agreements unenforceable as to a discharged debt. *See* In re Ethridge, 80 BR 581 (Bankr. MD GA 1987) (provisions of consent judgment waiving debtor's discharge as to debt are void). The prohibition on enforcement of such an agreement is enforced where *any part* of the consideration is the discharged debt. *See e.g.,* In re Bagbag, 595 B.R. 164, 170 (Bankr. S.D.N.Y. 2018).

20.     In this case, both the promissory note and the judgment are void. The Debtor discharged his obligations to Davis during his 2007 bankruptcy case, and Davis was listed as a creditor in the case and was aware of the case filing and the discharge. His debt could not be

rendered enforceable by compelling the Debtor to sign a promissory note in 2015, eight years after the discharge, nor by later obtaining a judgment based on that promissory note. The Debtor submits an order voiding the judgment and enforcing the discharge injunction against further collection actions by Davis should be issued.

21. The Debtor submits further that he should be permitted to seek sanctions for contempt against Davis. The Court has authority to enter a contempt judgment against Davis based on his violation of the discharge injunction. *See e.g.,* In re Hamilton Allied Corp., 87 B.R. 43, 45 (Bankr. S.D. Ohio 1988) (bankruptcy court possesses the power to punish for civil contempt when the permanent injunction of 11 U.S.C. § 524 has been violated); *See also,* Miller v. Mayer (In re Miller), 81 B.R. 669 (Bankr. M.D. Fla. 1988). In this case, such sanctions are appropriate. It is not an inadvertent mistake by Davis which has made the filing of this Motion necessary. Davis has engaged in a systematic effort to collect a liability which he was aware had been discharged. The Debtor has notified Davis numerous times that the debt was subject to the discharge, but this has done nothing to dissuade Davis from continuing aggressive collection efforts. Indeed, in recent weeks, Davis has compelled the Debtor to attend a creditors' examination, threatened garnishments and other collection actions, and has attempted to communicate with the Debtor's business associates concerning the debt. He has done so after the Debtor demanded he cease collection efforts and reiterated that the bankruptcy discharge applies to the debt. Davis' actions are willful and have been taken with knowledge of the discharge, and a judgment awarding sanctions for civil contempt is appropriate. In re Howard, 307 B.R. 659, 664 (Bankr. D. Minn. 2004).

22.

WHEREFORE, the Debtor respectfully prays the Court enter an Order scheduling a hearing on the Debtor's request for injunctive relief and for an order holding Davis in contempt and imposing sanctions, and granting such other and further relief as is just and proper

Respectfully submitted,

COHEN, BALDINGER & GREENFELD, LLC

*/s/ Steven H. Greenfeld*
Steven H. Greenfeld, Esq. (#424893)
Suite 103
2600 Tower Oaks Boulevard
Rockville, MD 20852
(301) 881-8300
*Counsel for Adam Olson*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of May 2020, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing Motion, along with a copy of the proposed Order, will be served electronically via the Court's CM/ECF system on the following:

>Bryan Ross, Esq.
>*Chapter 7*

I HEREBY FURTHER CERTIFY that on the 14th day of May 2020, a copy of the forgoing Motion, along with a copy of the proposed Order was also mailed, first class mail, postage prepaid to:

>Bryan Ross, Trustee
>1776 K Street N.W.
>Suite 200
>Washington, DC 20006-1222
>
>U. S. Trustee for Region Four
>U. S. Trustee's Office
>1725 Duke Street
>Suite 650
>Alexandria, VA 22314
>
>Christopher Karounos, Esq.
>Karounos & Associates, LLC
>17 Chamberlain Avenue
>Elmwood Park, NJ 07407
>>*Counsel for Samuel Davis*
>
>Samuel Davis, Esq.
>375 Cedar Lane
>Teaneck, NJ   07666-3433

>>*/s/ Steven H. Greenfeld*
>>Steven H. Greenfeld