# **PROMISSORY NOTE**

$35,000.00                                                                                        ~~August~~ Sept. 2~~7~~1st, 2015

THIS PROMISSORY NOTE ("Note"), made on ~~August~~ Sept. 2~~7~~1st, 2015, is between the Borrower, Adam S. Olsen, whose address is c/o ~~The Trump Building – 40 Wall Street, 38th Floor, New York, NY 10055~~ 777 7th St, NW #1102, WDC 20001 (referred to as "I" or "Borrower"); and the Lender, Samuel Davis, whose address is c/o Davis, Saperstein & Salomon, P.C., 375 Cedar Lane, Teaneck, New Jersey 07666 (referred to as "Lender").

BORROWER'S PROMISE TO PAY PRINCIPAL AND INTEREST. In return for a loan that I have received, I promise to pay TWENTY EIGHT THOUSAND DOLLARS ($28,000.00) (called the "Principal"), plus SEVEN THOUSAND DOLLARS ($7,000.00) interest to the Lender, for a total amount due of THIRTY FIVE THOUSAND DOLLARS ($35,000.00) (herewith the "Note Amount"). Should the entire Note Amount not be paid within the terms herein described, interest at the annual rate of Twenty Two Percent (22%) will be charged on that part of the Note Amount which has not been paid from the date of this Note until the Note Amount has been paid in full.

PAYMENTS. I will pay the Note Amount under the following terms:
- ~~$7,500.00 by August 30, 2015;~~ $1,500 by Oct. 15, 2015
- ~~$5,000.00 by September 30, 2015;~~ $2,500 by Nov. 1, 2015
- ~~$5,000.00 by October 30, 2015;~~ $2,500 by Dec. 1, 2015
- ~~$5,000.00 by November 30, 2015;~~ $2,500 by Jan 15, 2016
- ~~$5,000.00 by December 30, 2015;~~ $5,000 by Feb 15, 2016
- ~~$5,000.00 by January 30, 2016;~~ $5,000 by March 15, 2016
- ~~$2,500.00 by February 29, 2016.~~ $5,000 by April 15, 2016

$5,000 May 15
$6,000 June 15

All payments will be made to the Lender at the address shown above, or to a different place if required by the Lender.

EARLY PAYMENTS. I have the right to prepay all or any portion of the outstanding Principal due under this Note, provided that each such pre-payment is accompanied by accrued interest on the amount of the Principal prepaid, calculated to the date of such pre-payment.

NO RIGHT OF SET OFF. I have no right to withhold or set off any amount that is due hereunder.

CONSENT JUDGMENT/JUDGMENT BY CONFESSION. As part of the consideration of, and security for, entry of this Note I am executing a Consent Judgment/Judgment By Confession to be held in Escrow by the Lender as security for this Note. In the event of an uncured default of this Note I hereby authorize Lender to file the executed Consent Judgment/Judgment by Confession against me without the need for further Notice or Presentation.

**EXHIBIT B**

LATE CHARGE FOR OVERDUE PAYMENTS. If the Lender has not received any scheduled payment within seven (7) days after the due date, I will pay the Lender a late charge of $1,000.00. This charge shall be paid with the entire overdue payment.

DEFAULT. If I fail to make any payment required by this Note within ten (10) days after its due date, or if I fail to keep any of the promises that I make in this Note, the Lender may declare that I am in default of this Note. Upon default, I must immediately pay the full amount of all unpaid Principal and Interest ("Unpaid Default Balance"). Default interest at the yearly rate of twenty two percent (22%) will be charged on the Unpaid Default Balance until it has been paid.

COLLECTION AND ATTORNEY'S FEES. In the event that Lender commences action to collect this Note, it shall recover all collection costs including, but not limited to, reasonable attorney's fees.

WAIVERS. I give up my right to require the Lender do the following:

(a) Demand payment ("Presentment");

(b) Notify me of a non-payment ("Notice of Dishonor"); and

(c) Obtain an official certified statement showing non-payment ("A Protest").

The Lender may exercise any right under this Note or under any law, even if the Lender has delayed in exercising that right or as agreed not to exercise that right.

JURY WAIVER. BORROWER HEREBY KNOWINGLY, VOLUNTARILY, AND INTENTIONALLY WAIVES ANY AND ALL RIGHTS HE MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY CLAIM BROUGHT TO ENFORCE THIS. NOTE OR OTHERWISE RELATING HERETO.

NOTICES. Any notice required or permitted to be given hereunder shall be given in accordance with this Note.

NON-DISCHARGEABLE. Borrower specifically agrees that the Note Amount and any interest accruing thereto shall not be dischargeable in any Bankruptcy proceeding filed by the Borrower.

SEVERABILITY. If any provision in this Note is held invalid or unenforceable by any court of competent jurisdiction, the other provisions of this Note will remain in full force and effect. Any provision of this Note held invalid or unenforceable only in part or degree will remain in full force and effect to the extent not held invalid or unenforceable.

GOVERNING LAW AND JURISDICTION. This Note will be governed by and construed under the laws of the State of New Jersey, without regard to conflicts-of-laws principles that would require the application of any other law.

NO ORAL CHANGES. This Note can only be changed by an agreement in writing signed by both the Lender and the Borrower.

IN WITNESS WHEREOF, Borrower has executed and delivered this Note under seal as of the date first stated above.

　　　　　　　　　　　　　　　　　　　　　　　Adam S. Olsen (individually)

WITNESS:

_____