The order below is hereby signed.

Signed: June 5 2020



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ADAM S. OLSON, | ) | Case No. 07-00400 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER STRIKING
MOTION TO ENFORCE DISCHARGE INJUNCTION AND SEEK ORDER OF CONTEMPT

The debtor has filed a *Motion to Enforce Discharge Injunction and Seek Order of Contempt* (Dkt. No. 29). Local Bankruptcy Rules 9013-1(b)(3) and (4) require that a motion commencing a contested matter must be accompanied by a notice of opportunity to oppose the motion that affords respondents 17 days after the filing of the motion to file objections. On May 15, 2020, the Clerk issued a deficiency advising the debtor that this requisite notice was not filed and affording the debtor until May 18, 2020 to file this notice. As the required LBR 9013-1(b) notice remains outstanding, I will strike the *Motion* without prejudice to renewal. If the debtor pursues the *Motion* anew, the debtor should make two changes, as follows:

    1.  The Motion at issue was accompanied by a draft

*Order to Show Cause Why Samuel Davis and Christopher Kanounos Should Not be Held in Contempt For Violation of the Discharge Injunction*. That old cumbersome procedure no longer applies. Rule 9020 now makes clear that Rule 9014 governs a motion for an order of contempt and is to be treated like other contested matters. In turn, LBR 9013-1 sets forth the procedures for pursuing a motion under Rule 9014. All that is needed is notice under LBR 9013-1(b)(3) ("Required Notice When Motion Commences A Contested Matter") of the deadline for a response set by LBR 9013-1(b)(4). In other words, there is no need for an initial Order to Show Cause. Instead, a motion to hold someone in civil contempt ought to proceed like any other motion.

    2. The Motion prays for "an Order scheduling a hearing on the Debtor's request for injunctive relief and for an order holding Davis in contempt and imposing sanctions." A request for injunctive relief requires an adversary proceeding complaint. Moreover, if the discharge injunction is already in place and barring the conduct at issue there is no need for a new injunction. The proper relief to seek in a contempt motion in order to coerce compliance is a request for the imposition of coercive contempt sanctions. Such coercive sanctions can include a daily fine (or, in the case of a recalcitrant creditor, incarceration) unless and

    until, for example, the creditor ceases efforts to collect the judgment and files a notice in the state court that its judgment is void and that the creditor no longer seeks any amounts pursuant to the judgment.  Any proposed order need only recite that the *Motion* is granted, that the respondents are held in civil contempt, and the debtor is entitled to recover as compensatory sanctions its damages arising from the contempt and, if necessary to assure, compliance with the discharge injunction, coercive contempt sanctions.

Once the *Motion* is renewed, I will see if there is a timely response, see if the parties have resolved the matter, and set a hearing, if necessary, to determine whether contempt has occurred and, if contempt has occurred, to fix compensatory sanctions and, if needed, coercive contempt sanctions.

    In advance of the re-filing of the *Motion*, the parties ought to consider the following:

- To mitigate damages, the debtor ought to attempt to secure (without the necessity of court hearings) the respondents' agreement to an order holding the respondents in civil contempt, fixing an agreed amount of damages, and providing for steps to assure that the judgment is marked as void.
- If contempt indeed has occurred, the respondents ought to bear in mind that the debtor's counsel's meter is

      running and the respondents may wish to attempt to enter into an agreed order that avoids the necessity of court hearings.

The case was reopened for purposes of pursuing the *Motion*. If the *Motion* is not going to be re-filed, there is no need to keep the case open. I assume that any re-filing will occur by September 30, 2020.

    In light of the foregoing, it is

    ORDERED that the the debtor's *Motion to Enforce Discharge Injunction and Seek Order of Contempt* (Dkt. No. 29) is STRICKEN, but the debtor may refile the *Motion* (with any changes) if the debtor simultaneously serves and files the requisite notice. It is further

    ORDERED that if the *Motion* (with any changes) is not renewed by September 30, 2020, the Clerk is directed to close the case anew (without prejudice to the case being reopened again if needed) and on *ex parte* motion by the debtor I may extend that date of September 30, 2020.

                                 [Signed and dated above.]

Copies to: Recipients of e-notification of orders.

Christopher Karounos, Esq.
Karounos & Associates, LLC
17 Chamberlain Avenue
Elmwood Park, NJ 07407

Samuel Davis, Esq.
375 Cedar Lane
Teaneck, NJ 07666-3433